It is certainly true that this act should be construed strictly. It is evident the legislature so designed it, and the public good requires it for many reasons. This however, it seems to me, cannot affect the point under the consideration of the Court, for the construction of all acts must be alike when free from any kind of ambiguity. The words of the second section present such a case to my mind, "that if any personhath been, or shall be injured in any of the ways above mentioned," meaning the causes pointed out in the first section, then such person shall be entitled to a divorce.
The opinion given of the meaning of the eleventh section is certainly correct. It is perfectly compatible with the retrospective view of the second. They stand on the same footing, and there was no greater power under the Constitution to enact the special retrospective principle contained in the eleventh relative to particular persons, than a general principle of the same nature in the second section. If the Constitution did not give it, the legislature could no more exercise such a power as is manifested by the eleventh section, than it could communicate a general power of a similar nature to the superior courts by the second section.
There is certainly a distinction between an act which is malum inse, and one which is in its own *Page 5 
nature indifferent. The legislature ought to be competent to modify the means of suppressing vice, or affording a more competent remedy when requisite.
Adultery by the law of nature is an offence. It was so before the passage of this act, and an evil in any possible view of the subject. The act by affording relief for a matter which was criminal in itself, must be considered as so far remedial; and not ex post facto as has been contended. Blackstone and other law-writers define an expost facto law to relate to public punishment; and this certainly was the sense in which the framers of the Constitution received it, else why make use of the expression "retrospective" also?
This part of the act may, in a general sense be called retrospective, but in legal phraseology it cannot be called ex post facto. In my view of the Constitution it cannot be construed in violation of it, The Constitution says that "no retrospective law or law impairing the obligation of contracts shall be made."
Retrospective, here, was inserted from abundant caution. It was intended to embrace rights, and not modes, of redress: the last, from the nature of things, must be left open to legislative modification. It is not possible for me to suppose that any body of enlightened men ever intended to put it out of the power of the legislature to provide a remedy for many past transactions, which the immutable principles of justice might require: such an institution must suppose absolute foresight in man, which we all know is not one of his attributes. The wisest government that ever existed could not possibly foresee many evils which might require a remedy consistent with justice and the law of our nature. The legislature, as it appears to me, meant that the word "retrospective" should be restrained in its acceptation to contracts, but not marriage contracts, being incapable in its very nature of the application of such a principle.
The ninth section of this act presents a distinct cause of divorcea mensa et thoro, which is entirely prospective; the causes expressed in the first section are entirely a vinculo matrimonii.
Upon an issue of fact being referred to a jury, they found the defendant guilty of adultery; whereupon *Page 6 
the Court gave judgment for a divorce, and appointed commissioners to divide the property according to the circumstances of the parties.
NOTE. — Retrospective laws, within the meaning of the constitutional prohibition, are such as impair the obligation of contracts, or divest, or impair vested rights. Wynne v. Wynne, 2 Sw. 410. Speaking of the twentieth section of the Bill of Rights in Townsendv. Townsend, Peck, 17, the Court say, "that the whole clause and both sentences taken together, mean that no retrospective law which impairs the obligation of contracts, or any other law which impairs their obligation shall be made." An enumeration of some classes of retrospective laws which the legislature may pass, is made in 2 Sw. 410. Laws which merely regulate the remedy are not within the prohibition. Gardenhire v. McCombs, 1 Sn. 83. — ED.